UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| BURBERRY LIMITED (UK) and<br>BURBERRY LIMITED (US),<br><br>Plaintiffs,<br><br>v.<br><br>BURBERRY-SCARVES.COM; PINGBURBERRYSCARF.COM;<br>XIAO XIAO; CHEAPBURBERRYSCARF.COM;<br>BURBERRY2U.COM; BALI BAO; INBURBERRY.COM; BOO<br>BO; BURBERRYDRESS.COM; BURBERRYSCARF-UK.COM;<br>BURBERRYSCARF-US.COM; ZHOU YINGJIE;<br>USBURBERRYOUTLETS.COM; USBURBERRYSCARF.COM;<br>XIAOBO QU; BURBERRYOUTLETSTORES.NET;<br>USBURBERRYOUTLET.NET; BURBERRY-OUTLET-<br>ONLINE.NET; UKBURBERRY.NET; WENG XIAO TENG;<br>BURBERRY-OUTLET-ONLINE.COM; HUANG FEI FEI;<br>BURBERRYOUTLETONLINE.NET; LIN BINBIN;<br>BURBERRYOUTLETONLINES.COM; HUANG WEIBIN;<br>BURBERRYUK.NET; USABURBERRY.COM;<br>USABURBERRY.NET; LIN XIAOCHUN;<br>BURBERRY4BAGS.COM; LIU QI DONG;<br>BURBERRYLINES.COM; LINENQIAO;<br>BURBERRY4HANDBAGS.COM; WANG DONG MU;<br>MYBURBERRYSHOPS.COM; HE GU MING;<br>BURBERRY-BAGS.COM; ZHONGLIN;<br>BURBERRY-SCARF.NET; BEIXING; BURBERRY-BAG.ORG;<br>TVB; BURBERRYONSLAE.COM; XIN ZHONG;<br>MYBURBERRYOUTLET.COM; ZHANG DAMING;<br>SALEBURBERRYBAGS.COM; LVDI; BURBERRY-SCARF-<br>SALE.NET; LI JINGJING; BURBERRY-OUTLET.ORG; RALIX<br>TIKER; DISCOUNT-BURBERRY-HANDBAGS.ORG;<br>US-BURBERRY-OUTLET.COM; SAM WU a/k/a WU<br>YUANSHENG; USBURBERRYOUTLET.COM; GRANT a/k/a<br>WU GRANT; BURBERRYSCARF.ORG; LIN SHENG;<br>BURBERRY-OUTLET-STORES.COM; LIU NAN;<br>BURBERRYOUTLETONLINE.COM; LI XIAO BO;<br>BURBERRY-OUTLET.NET; XYZ COMPANIES; and JOHN<br>DOES 1-100.<br><br>Defendants. | Civil Action<br><br>No.: _____<br><br>**COMPLAINT**<br><br>**FILED UNDER SEAL<br>PURSUANT TO 15 U.S.C. § 1116**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Burberry Limited, a United Kingdom corporation ("Burberry Limited (UK)") and Burberry Limited, a New York corporation ("Burberry Limited (US)") (collectively, "Burberry" or "Plaintiffs"), by their counsel THE GIOCONDA LAW GROUP PLLC, complain and allege against Defendants Burberry-Scarves.com; PingBurberryScarf.com; Xiao Xiao; CheapBurberryScarf.com; Burberry2U.com; Bali Bao; InBurberry.com; Boo Bo; BurberryDress.com; BurberryScarf-UK.com; BurberryScarf-US.com; Zhou Yingjie; USBurberryOutlets.com; USBurberryScarf.com; Xiabo Qu; BurberryOutletStores.net; USBurberryOutlet.net; Burberry-Outlet-Online.net; UKBurberry.net; Weng Xiaio Teng; Burberry-Outlet-Online.com; Huang Fei Fei; BurberryOutletOnline.net; Lin Binbin; BurberryOutletOnlines.com; Huang Weibin; BurberryUK.net; USABurberry.com; USABurberry.net; Lin Xiaochun; Burberry4Bags.com; Liu Qi Dong; BurberryLines.com; LinenQiao; Burberry4Handbags.com; Wang Dong Mu; MyBurberryShops.com; He Gu Ming; Burberry-Bags.com; Zhonglin; Burberry-Scarf.net; Beixing; Burberry-Bag.org; TVB; BurberryOnSlae.com; Xin Zhong; MyBurberryOutlet.com; Zhang Daming; SaleBurberryBags.com; LVDI; Burberry-Scarf-Sale.net; Li JingJing; Burberry-Outlet.org; Ralix Tiker; Discount-Burberry-Handbags.org; US-Burberry-Outlet.com; Sam Wu a/k/a Wu Yuansheng; USBurberryOutlet.com; Grant a/k/a Wu Grant; BurberryScarf.org; Lin Sheng; Burberry-Outlet-Stores.com; Liu Nan; BurberryOutletOnline.com; Lix Xiao Bo; Burberry-Outlet.Net; XYZ Companies; and John Does 1-100 (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1.     The Defendants, who have no affiliation with Burberry, operate a large number of Internet websites, all of which incorporate the BURBERRY® trademark in the Internet websites'

domain names (the "Infringing Websites.")  The Defendants use the Infringing Websites to sell a wide variety of counterfeit "Burberry"-branded merchandise, including handbags, scarves, shoes, wallets, belts, ties, outerwear, sunglasses and watches ("Counterfeit Products"). The Defendants have also intentionally used Plaintiffs' registered trademarks, logos and advertising campaign images throughout the Infringing Websites to falsely convey to consumers that the Infringing Websites are authorized BURBERRY® retail Internet websites, when the Infringing Websites, in fact, advertise and sell Counterfeit Products.

2.      This is an action for trademark counterfeiting, trademark infringement, trademark dilution, and cybersquatting brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), and related causes of action under Sections 349, 350 and 360-l of the New York General Business Law, and for violations of the New York State common law.

3.      In this Complaint, Burberry seeks injunctive relief and damages arising from Defendants' willful appropriation of several famous and distinctive Burberry trademarks.

4.      Defendants' misuse of Burberry's trademarks on Counterfeit Products sold through the Infringing Websites has significantly injured Burberry's reputation and goodwill, and has diluted the distinctiveness of Burberry's famous trademarks.  Unless enjoined, Defendants' conduct will continue to injure both Burberry and the public.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Sections 32 and Section 43 of the Lanham Act; has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Sections

3

349, 350 and 360-1 of the New York Business Law, and all other claims arising under the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

6.      This Court has personal jurisdiction over the Defendants because the products that are the subject of this action were, and continue to be, sold to consumers in this district.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

### Plaintiffs

8.      Plaintiff Burberry Limited (UK) is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at Horseferry House, Horseferry Road, London, SW1P 2AW, United Kingdom.

9.      Plaintiff Burberry Limited (US) is a corporation duly organized under the laws of the State of New York with a principal place of business at 444 Madison Avenue, New York, New York 10022.

### Defendants

10.     A chart listing the Defendants' and their Infringing Websites, without limitation, is attached as Exhibit 1.

11.     On information and belief, the entity doing business as **Defendant Burberry-Scarves.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant Burberry-Scarves.com is attached as Exhibit 2.

12.     On information and belief, **Defendant John Doe 1**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry-Scarves.com.  On

information and belief, John Doe 1 registered the domain name Burberry-Scarves.com with Protected Domain Services using Customer ID: NCR-1202010.

13.     On information and belief, the entity doing business as **Defendant PingBurberryScarf.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant PingBurberryScarf.com is attached as Exhibit 3.

14.     **On information and belief, Defendant Xiao Xiao**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant PingBurberryScarf.com, and may be residing or doing business at No. 23 Xingsha XiaoXiang Road, Changsha, Hunan 410000 China.

15.     On information and belief, the entity doing business as **Defendant CheapBurberryScarf.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant CheapBurberryScarf.com is attached as Exhibit 4.

16.     On information and belief, **Defendant John Doe 2** is an individual or entity whose actual name is unconfirmed, who is the registrant of Defendant CheapBurberryScarf.com. On information and belief, John Doe 2 registered the domain name CheapBurberryScarf.com with Protected Domain Services using Customer ID: NCR-1233083.

17.     On information and belief, the entity doing business as **Burberry2U.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant Burberry2U.com is attached as Exhibit 5.

18.     On information and belief, **Defendant Bali Bao**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry2U.com and may be residing

or doing business at 19 No. 910 Huaihai Zhong Road, 1st Floor, in Shanghai, Shanghai, China 200000.

19.     On information and belief, the entity doing business as **Defendant InBurberry.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant InBurberry.com is attached as Exhibit 6.

20.     On information and belief, **Defendant Boo Bo**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant InBurberry.com, and may be residing or doing business at No. 79 Dongzhen Road, Fuzhou, Fujian, China 351100.

21.     On information and belief, the entity doing business as **Defendant BurberryDress.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant BurberryDress.com is attached as Exhibit 7.

22.     On information and belief, **Defendant John Doe 3**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant BurberryDress.com.   On information and belief, John Doe 3 registered the domain name BurberryDress.com with Protected Domain Services using Customer ID:  NCR-1162216.

23.     On information, and belief, Defendants Burberry-Scarves.com, John Doe 1, PingBurberryScarf.com, Xiao Xiao, CheapBurberryScarf.com, John Doe 2, Burberry2U.com, Bali Bao, InBurberry.com, Boo Bo, BurberryDress.com, and John Doe 3 are related and/or acting in concert.

24.     On information and belief, the entity doing business as **Defendant BurberryScarf-UK.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. On information and belief, Defendant BurberryScarf-UK.com uses e-mail

address Margaret.brent58@gmail.com.  A screenshot of Defendant BurberryScarf-UK.com is attached as Exhibit 8.

25.     On information and belief, the entity doing business as **Defendant BurberryScarf-US.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant BurberryScarf-US.com uses e-mail address Margaret.brent58@gmail.com.  A screenshot of Defendant BurberryScarf-US.com is attached as Exhibit 9.

26.     On information and belief, **Defendant Zhou Yingjie**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendants BurberryScarf-US.com and BurberryScarf-UK.com, and may be residing or doing business at No. 125 Zhujiang Road, 18st, 303room, Nanjing, Jiangsu, China, 210000.

27.     On information and belief, the entity doing business as **Defendant USBurberryOutlets.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  Upon information and belief, Defendant USBurberryOutlets.com uses the email address Margaret.brent58@gmail.com.  A screenshot of Defendant USBurberryOutlets.com is attached as Exhibit 10.

28.     On information and belief, the entity doing business as **Defendant USBurberryScarf.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  Upon information and belief, Defendant USBurberryScarf.com uses the email address Margaret.brent58@gmail.com.  A screenshot of Defendant USBurberryScarf.com is attached as Exhibit 11.

29.     On information and belief, **Defendant Xiaobo Qu**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendants USBurberryOutlets.com and

USBurberryScarf.com, and may be residing or doing business at No. 125 Zhujiang Road, 18st, 303room, Nanjing, Jiangsu, China, 210000.

30.    On information and belief, Defendants BurberryScarf-UK.com, BurberryScarf-US.com, Zhou Yingjie, USBurberryOutlets.com, USBurberryScarf.com, and Xiaobo Qu are related and/or acting in concert.

31.    On information and belief, the entity doing business as **Defendant BurberryOutletStores.net**, is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  Upon information and belief, Defendant BurberryOutletStores.net uses e-mail address saleoutlet2010@hotmail.com and/or telephone number (858) 381-5886.  A screenshot of Defendant BurberryOutletStores.net is attached as Exhibit 12.

32.    On information and belief, the entity doing business as **Defendant USBurberryOutlet.net**, is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  Upon information and belief, Defendant USBurberryOutlet.net uses e-mail address saleoutlet2010@hotmail.com and/or telephone number (858) 381-5886.  A screenshot of Defendant USBurberryOutlet.net is attached as Exhibit 13.

33.    On information and belief, the entity doing business as **Defendant Burberry-Outlet-Online.net** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant Burberry-Outlet-Online.net uses e-mail address saleoutlet2010@hotmail.com and/or telephone number (858) 381-5886. A screenshot of Defendant Burberry-Outlet-Online.net is attached as Exhibit 14.

34.    On information and belief, the entity doing business as **Defendant UKBurberry.net** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant UKBurberry.net redirects to

BurberrysUK.com, and uses e-mail address saleoutlet2010@hotmail.com and/or telephone
number (858) 381-5886. A screenshot of the page to which Defendant UKBurberry.net redirects
is attached as Exhibit 15.

35.     On information and belief, **Defendant Weng Xiao Teng,** an individual or entity
whose actual name is unconfirmed, is the registrant of Defendants BurberryOutletStores.net,
USBurberryOutlet.net, Burberry-Outlet-Online.net, and UKBurberry.net, and may be residing or
doing business at Xiamen, Fijuan, China 351111.

36.     On information and belief, the entity doing business as **Defendant Burberry-
Outlet-Online.com** is engaged in the manufacture, distribution, sale and advertisement of
Counterfeit Products. On information and belief, Defendant Burberry-Outlet-Online.com uses e-
mail address saleoutlet2010@hotmail.com and/or telephone number (858) 381-5886.A
screenshot of Defendant Burberry-Outlet-Online.com is attached as Exhibit 16.

37.     On information and belief, **Defendant Huang Fei Fei**, an individual or entity
whose actual name is unconfirmed, is the registrant of Defendant Burberry-Outlet-Online.com,
and may be residing or doing business at Beijinchaoyanmen, Beijin, Beijing, China, 351111.

38.     On information and belief, the entity doing business as **Defendant
BurberryOutletOnline.net** is engaged in the manufacture, distribution, sale and advertisement
of Counterfeit Products. On information and belief, Defendant BurberryOutletOnline.net
redirects to BurberryOutletOnlines.com, and uses e-mail address saleoutlet2010@hotmail.com
and/or telephone number (858) 381-5886. A screenshot of the page to which Defendant
BurberryOutletOnline.net redirects is attached as Exhibit 17.

39.     On information and belief, **Defendant Lin Binbin**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant BurberryOutletOnline.net, and may be residing or doing business at Shantoushihubinlu112hao, Shantoushi, Guangdong, China 515041.

40.     On information and belief, the entity doing business as **Defendant BurberryOutletOnlines.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant BurberryOutletOnlines.com uses e-mail address saleoutlet2010@hotmail.com and/or telephone number (858) 381-5886.  A screenshot of Defendant BurberryOutletOnlines.com is attached as Exhibit 18.

41.     On information and belief, **Defendant Huang Weibin**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant BurberryOutletOnlines.com, and may be residing or doing business at Anhuiweinanshijiefanglu112hao, Huinan, Anhui, China, 232007.

42.     On information and belief, the entity doing business as **Defendant BurberryUK.net** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant BurberryUK.net redirects to BurberrysUK.com, and uses e-mail address saleoutlet2010@hotmail.com and/or telephone number (858) 381-5886.  A screenshot of the page to which Defendant BurberryUK.net redirects is attached as Exhibit 19.

43.     On information and belief, the entity doing business as **Defendant USABurberry.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant USABurberry.com redirects to USABurberry.net, and uses e-mail address saleoutlet2010@hotmail.com and/or telephone

number (858) 381-5886.  A screenshot of the page to which Defendant USABurberry.com redirects is attached as Exhibit 20.

44.   On information and belief, the entity doing business as **Defendant USABurberry.net** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant USABurberry.net uses e-mail address saleoutlet2010@hotmail.com and/or telephone number (858) 381-5886.  A screenshot of Defendant USABurberry.net is attached as Exhibit 21.

45.   On information and belief, **Defendant Lin Xiaochun**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant BurberryUK.net, USABurberry.com, and USABurberry.net, and may be residing or doing business at Shanghaishiputongxingqu200hao, Shanghai, Shanghai, China, 200085.

46.   On information and belief, Defendants BurberryOutletStores.net, USBurberryOutlet.net, Burberry-Outlet-Online.net, UKBurberry.net, Weng Xiao Teng, Burberry-Outlet-Online.com, Huang Fei Fei, BurberryOutletOnline.net, Lin Binbin, BurberryOutletOnlines.com, Huang Weibin, BurberryUK.net, USABurberry.com, USABurberry.net, and Lin Xiaochun are related and/or acting in concert.

47.   On information and belief, the entity doing business as **Defendant Burberry4Bags.com** is engaged in the manufacture, distribution, sale, and advertisement of Counterfeit Products.  A screenshot of Defendant Burberry4Bags.com is attached as Exhibit 22.

48.   On information and belief, **Defendant Liu Qi Dong**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry4Bags.com, and whose true address is currently unknown.

49.     On information and belief, the entity doing business as **Defendant BurberryLines.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant BurberryLines.com redirects to Burberry4bags.com and uses e-mail address sales@Burberry4handbags.com.  A screenshot of Defendant BurberryLines.com is attached as Exhibit 23.

50.     On information and belief, **Defendant LinenQiao**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant BurberryLines.com, and whose true address is currently unknown.

51.     On information and belief, the entity doing business as **Defendant Burberry4Handbags.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant Burberry4Handbags.com use e-mail address sales@Burberry4handbags.com.  A screenshot of Defendant Burberry4Handbags.com is attached as Exhibit 24.

52.     On information and belief, **Defendant Wang Dong Mu,** an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry4Handbags.com and may be residing or doing business at Jilninsheng Changchunshi Zhaoyangqu, China 320136.

53.     On information and belief, the entity doing business as **Defendant MyBurberryShops.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant MyBurberryShops.com uses e-mail address sales@myBurberryshops.com.  A screenshot of Defendant MyBurberryShops.com is attached as Exhibit 25.

54.     On information and belief, **Defendant He Gu Ming,** an individual or entity whose actual name is unconfirmed, is the registrant of Defendant MyBurberryShops.com, and whose true address is currently unknown.

55.     On information and belief, Defendants Burberry4Bags.com, Liu Qui Dong, BurberryLines.com, LinenQiao, Burberry4handbags.com, Wang Dong Mu, MyBurberryShops.com, and He Gu Ming are related and/or acting in concert.

56.     On information and belief, the entity doing business as **Defendant Burberry-Bags.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. On information and belief, Defendant Burberry-Bags.com uses the e-mail address service@Burberry-bag.org. A screenshot of Defendant Burberry-Bags.com is attached as Exhibit 26.

57.     On information and belief, **Defendant Zhonglin**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry-Bags.com, and may be residing or doing business at Beixing, Tianhequ, Guangzhoushi, Guangdongsheng, China 51000.

58.     On information and belief, the entity doing business as **Defendant Burberry-Scarf.net** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant Burberry-Scarf.net is attached as Exhibit 27.

59.     On information and belief, **Defendant Beixing**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry-Scarf.net, and may be residing or doing business at Liujing, Guangzhoushi, Guangdongsheng, China 510000.

60.     On information and belief, the entity doing business as **Defendant Burberry-Bag.org** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant Burberry-Bag.org is attached as Exhibit 28.

61.     On information and belief, **Defendant TVB**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry-Bag.org, and may be residing or doing business at Chongqingshi Yangjiapaing Xicheng Tianjie B-8020, Shixiaqu, Chongquingshi, China, 008020.

62.     On information and belief, Defendants Burberry-Bags.com, Zhonglin, Burberry-Scarf.net, Beixing, Burberry-Bag.org and TVB are related and/or acting in concert.

63.     On information and belief, the entity doing business as **Defendant BurberryOnSlae.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant BurberryOnSlae.com uses the e-mail address smithoutlet@gmail.com.  A screenshot of Defendant SaleBurberryBags.com is attached as Exhibit 29.

64.     On information and belief, **Defendant Xin Zhong**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant BurberryOnSlae.com, and may be residing or doing business at Nanning, Guangxi, China 975464.

65.     On information and belief, the entity doing business as **Defendant MyBurberryOutlet.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant MyBurberryOutlet.com uses the e-mail address smithoutlet@gmail.com.  A screenshot of Defendant MyBurberryOutlet.com is attached as Exhibit 30.

66.     On information and belief, **Defendant Zhang Daming**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant MyBurberryOutlet.com, and may be residing or doing business at Beijing, Jifewoll, Fekks, Q, Shixiaqu, Beijingshi, China, 110001.

67. On information and belief, the entity doing business as **Defendant SaleBurberryBags.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. On information and belief, Defendant SaleBurberryBags.com uses e-mail address smithoutlet@gmail.com. A screenshot of Defendant SaleBurberryBags.com is attached as Exhibit 31.

68. On information and belief, **Defendant "LVDI"**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant SaleBurberryBags.com, and may be residing or doing business at Fuzhoushi, FJ, China 351100.

69. On information and belief, DefendantsBurberryOnSlae.com, Xin Zhong, MyBurberryOutlet.com, Zhang Daming, SaleBurberryBags.com, and "LVDI" are related and/or acting in concert.

70. On information and belief, the entity doing business as **Defendant Burberry-Scarf-Sale.net** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant Burberry Scarf-Sale.net is attached as Exhibit 32.

71. On information and belief, **Defendant Li JingJing**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry-Scarf-Sale.net and may be residing or doing business at HePingQu, DuoLunDao, TianJin, TianJin, China 300020.

72. On information and belief, the entity doing business as **Defendant Burberry-Outlet.org** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. Upon information and belief, Defendant Burberry-Outlet.org uses the email address Burberryscarfsale1@gmail.com. A screenshot of Defendant Burberry-Outlet.org is attached as Exhibit 33.

73.     On information and belief, **Defendant Ralix Tiker,** an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry-Outlet.org and may be residing or doing business at Shenzhen 023, Shenzhen, Guangdong 518000 China. Upon information and belief, Defendant Ralix Tiker uses the email address Ralph.Wu917@gmail.com.

74.     On information and belief, the entity doing business as **Defendant Discount-Burberry-Handbags.org** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant Discount-Burberry-Handbags.org is attached as Exhibit 34.

75.     On information and belief, **Defendant John Doe 4**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Discount-Burberry-Handbags.org. On information and belief, John Doe 4 registered the domain name Discount-Burberry-Handbags.org with Protected Domain Services using Customer ID: NCR-2465434.

76.     On information and belief, Defendants Burberry-Scarf-Sale.net, Li JingJing, Burberry-Outlet.org, Ralix Tiker, discount-Burberry-handbags.org, and John Doe 4 are related and/or acting in concert.

77.     On information and belief, the entity doing business as **Defendant US-BurberryOutlet.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. On information and belief, Defendant US-BurberryOutlet.com uses e-mail address us-Burberryoutlet@hotmail.com. A screenshot of Defendant US-BurberryOulet.com is attached as Exhibit 35.

78.     On information and belief, **Defendant Sam Wu a.k.a. Wu YuanSheng,** an individual or entity whose actual name is unconfirmed, is the registrant of Defendant US-

BurberryOutlet.com, and may be residing or doing business in Fujian Province, Xiamen City, China 351111.

79.      On information and belief, the entity doing business as **Defendant USBurberryOutlet.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  On information and belief, Defendant USBurberryOutlet.com uses e-mail address USBurberryOutlet@hotmail.com.  A screenshot of Defendant USBurberryOulet.com is attached as Exhibit 36.

80.      On information and belief, **Defendant Grant a.k.a. Wu Grant,** an individual or entity whose actual name is unconfirmed, is the registrant of Defendant USBurberryOutlet.com, and whose true address is currently unknown.

81.      On information and belief, defendants US-BurberryOutlet.com, Sam Wu a.k.a. Wu YuanSheng, USBurberryOutlet.com, and Grant a.k.a. Wu Grant are related and/or acting in concert.

82.      On information and belief, **Defendant BurberryScarf.org** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  A screenshot of Defendant BurberryScarf.org is attached as Exhibit 37.

83.      On information and belief, **Defendant Lin Sheng,** an individual or entity whose actual name is unconfirmed, is the registrant of Defendant BurberryScarf.org and may be residing or doing business at Meiyuanlu11hao, Xiamen, Xiamen, China, 351100.

84.      On information and belief, the entity doing business as **Defendant Burberry-Outlet-Stores.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products.  A screenshot of Defendant Burberry-Outlet-Stores.com is attached as Exhibit 38.

85. On information and belief, **Defendant Liu Nan**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry-Outlet-Stores.com and may be residing or doing business at No. 4020 Chunfeng Rd., Luoho District, Shenzhen, Guangdong, China, 518001.

86. On information and belief, the entity doing business as **Defendant BurberryOutletOnline.com** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant BurberryOutletOnline.com is attached as Exhibit 39.

87. On information and belief, **Defendant LiXiaoBo**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant BurberryOutletOnline.com and may be residing or doing business at Lanzhoushijianshelutouzidaxia 304, Lanzhou, Gansu, China 610041.

88. On information and belief, defendants BurberryScarf.org, Lin Sheng, Burberry-Outlet-Stores.com, Liu Nan, BurberryOutletOnline, and LiXiaoBo are related and/or acting in concert.

89. On information and belief, the entity doing business as **Defendant Burberry-Outlet.net** is engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products. A screenshot of Defendant Burberry-Outlet.net is attached as Exhibit 40.

90. On information and belief, **Defendant John Doe 5**, an individual or entity whose actual name is unconfirmed, is the registrant of Defendant Burberry-Outlet.net On information and belief, John Doe 5 registered the domain name Burberry-Outlet.net with Protected Domain Services using Customer ID: NCR-2656978.

91.     On information and belief, **Defendant XYZ Companies** are companies engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products in connection with the Infringing Websites, but whose identity, actual names, addresses and number are presently unknown.

92.     On information and belief, **Defendants John Does 6-100** are individuals who are consciously engaged in directing, controlling, ratifying or otherwise participating in the manufacture, sale, distribution and advertisement of Counterfeit Products in connection with the Infringing Websites, or who consciously and directly benefit financially from the manufacture, distribution, sale and advertisement of Counterfeit Products in connection with the Infringing Websites, but whose identity, actual names, addresses and number are presently unknown.

## FACTUAL BACKGROUND

### Burberry and the Famous Burberry Trademarks

93.     Burberry is an internationally recognized luxury brand involved in the design, manufacture, advertising, distribution, and sale of high-quality apparel, handbags, scarves, luggage, and other accessories.

94.     For more than 80 years, Burberry has continuously used in connection with its products a distinctive check trademark (the "BURBERRY CHECK"), the BURBERRY word mark and the EQUESTRIAN KNIGHT DEVICE (collectively, the "Burberry Trademarks"). Burberry has devoted substantial resources to promoting the goodwill of the Burberry Trademarks. As a result, the Burberry Trademarks have become famous and serve to symbolize Burberry and its reputation as a manufacture of high quality, luxury brand protects.

95.     The United States Patent and Trademark Office has granted Burberry numerous

federal registrations for the Burberry Trademarks, including the following registrations

(Attached as Exhibit 41):

| Registration Number | Registered Trademark | Registration Date | International Classes |
|---|---|---|---|
| 1,607,316 | BURBERRY | 07/24/1990 | 09 |
| 2,624,684 | BURBERRY | 09/24/2002 | 35 |
| 1,747,765 | BURBERRY | 01/19/1993 | 14 |
| 2,875,336 | BURBERRY | 08/17/2004 | 09, 14 |
| 260,843 | BURBERRY | 08/27/1929 | 25 |
| 510,077 | BURBERRY | 05/24/1949 | 25 |
| 1,241,222 | Burberry Check | 06/07/1983 | 25 |
| 2,845,852 | Burberry Check | 05/25/2004 | 09 |
| 1,855,154 | Burberry Check | 09/20/1994 | 14 |
| 2,022,789 | Burberry Check | 12/17/1996 | 18, 24, 25, 28 |
| 3,529,814 | Burberry Check | 11/11/2008 | 18, 20, 21, 24, 25, 28, 35 |
| 2,612,272 | Burberry Check | 08/27/2002 | 35 |
| 2,732,617 | Burberry Check | 07/01/2003 | 03, 18, 25 |
| 3,202,484 | BURBERRY LONDON | 01/23/2007 | 03, 04, 09, 14, 16, 18, 20, 21, 25, 28 |
| 1,133,122 | BURBERRYS | 04/15/1980 | 18 |
| 1,622,186 | Equestrian Knight Design | 11/13/1990 | 09 |
| 2,512,119 | Equestrian Knight Design | 11/27/2001 | 03, 18 |
| 2,952,399 | Equestrian Knight Design | 05/17/2005 | 09, 14 |
| 1,903,508 | Equestrian Knight Design | 07/04/1995 | 14 |
| 863,179 | Equestrian Knight Design | 01/07/1969 | 25 |
| 2,610,329 | PRORSUM | 08/20/2002 | 25 |
| 2,654,697 | PRORSUM | 11/26/2002 | 18 |

96.     The registrations for the Burberry Trademarks are in full force and effect and

many have become incontestable pursuant to 15 U.S.C. § 1065.

97.     The Burberry Trademarks have been used by Plaintiffs on, and in connection

with, the advertising and sale of Burberry's products, including, but not limited to, apparel, such

as scarves, shirts, jackets, luggage, handbags, and other items, in interstate and intrastate

commerce, including commerce in the State of New York, and in this judicial district. As a

result of their widespread use, these trademarks have become a symbol of modern luxury and a

symbol of Burberry.  The Burberry Trademarks have acquired secondary meaning and have come to be known as source identifiers for authentic Burberry products.

98.     Burberry merchandise is sold in 164 retail stores, 171 concessions, 45 outlets, and 55 franchise stores, with e-commerce in over 25 countries.  In the United States, Burberry products are sold in 80 retail and outlet stores, online at www.Burberry.com, and at well-known department stores such as Saks Fifth Avenue, Neiman Marcus and Nordstrom.

99.     As a result of Burberry's advertising and promotional efforts and its continuous use of the Burberry Trademarks for many years, Burberry has attained one of the highest levels of recognition among luxury brands in the United States and the Burberry Trademarks have become famous.

## Defendants' Unlawful Use of the Burberry Trademarks

100.     The Defendants created, designed and operate a large number of Infringing Websites that they have intentionally and deliberately designed to resemble authorized BURBERRY® retail Internet stores selling Plaintiffs' goods.

101.     The Defendants use the Infringing Websites to sell a wide variety of counterfeit "Burberry"-branded merchandise.  The Infringing Websites include:

     a.   Burberry-Scarves.com;

     b.   PingBurberryScarf.com;

     c.   CheapBurberryScarf.com;

     d.   Burberry2U.com;

     e.   InBurberry.com;

     f.   BurberryDress.com;

     g.   BurberryScarf-UK.com;

21

h. USBurberryOutlets.com

i. BurberryScarf-US.com;

j. USBurberryScarf.com;

k. BurberryOutletStores.net;

l. USBurberryOutlet.net;

m. Burberry-Outlet-Online.com;

n. BurberryOutletOnline.net;

o. BurberryOutletOnlines.com;

p. Burberry-Outlet-Online.net;

q. BurberryUK.net;

r. UKBurberry.net;

s. USABurberry.com;

t. USABurberry.net;

u. Burberry4bags.com;

v. BurberryLines.com;

w. Burberry4handbags.com;

x. MyBurberryShops.com;

y. Burberry-Bags.com;

z. Burberry-scarf.net;

aa. Burberry-Bag.org;

bb. BurberryOnSlae.com;

cc. MyBurberryOutlet.com;

dd. SaleBurberryBags.com;

ee. Burberry-Scarf-Sale.net;

ff. Burberry-Outlet.org;

gg. Discount-Burberry-Handbags.org;

hh. US-BurberryOutlet.com;

ii. USBurberryOutlet.com;

jj. BurberryScarf.org;

kk. Burberry-Outlet-Stores.com;

ll. BurberryOutletOnline.com; and

mm.   Burberry-Outlet.net.

102.   Defendants have registered and are using the domain names associated with the Infringing Websites with the bad-faith intent to profit from the Burberry Trademarks, namely confusing consumers into believing that the Defendants' Infringing Websites selling counterfeits are actually selling authentic BURBERRY® goods, when they are not.

103.   The domain names registered and used by the Defendants are identical and/or confusingly similar to one or more of the Burberry Trademarks.

104.   Long after Burberry's adoption, use and federal registration of the Burberry Trademarks, Defendants began to offer for sale, and/or sell merchandise bearing counterfeit reproductions of one or more of the Burberry Trademarks.

105.   Defendants have offered for sale, sold and advertised Counterfeit Products.  Upon information and belief, Defendants have repeatedly engaged in this conduct over a significant period of time.

106.   Upon information and belief, Defendants have continued to import, distribute, supply, promote and/or sell counterfeit goods bearing the Burberry Trademarks with knowledge

that the merchandise was in fact counterfeit. Through these acts, Defendants have demonstrated that their infringement of the Burberry Trademarks is willful.

107. On information and belief, the Defendants have sold and/or shipped Counterfeit Products into this District.

108. Further, on information and belief, Defendants have made active use of the services of U.S. banks, credit card companies, credit card processing agencies, and/or other financial institutions or agencies that engage in the transfer of funds in order to carry out, facilitate, complete or ratify the unlawful actions complained of herein or used such entities to hold, transfer, remit, relay, maintain or invest profits from the unlawful activities described herein. For example, on information and belief, the Defendants have made use of the PayPal® service and major credit cards such as Visa®, MasterCard® and American Express® to receive financial payment for Counterfeit Products that they sold on the Infringing Websites.

## FIRST CLAIM FOR RELIEF

### (Against All Defendants)

### Federal Trademark Counterfeiting In Violation of
### Sections 32(1)(a) and (b) of the Lanham Act
### (15 U.S.C. § 1114)

109. Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 108 above as if fully set forth herein.

110. Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), provide, in relevant part, that any person who shall, without the consent of the registrant –

    (a)   use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

    (b)   reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints,

packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

111.    Defendants have willfully used numerous designations that are counterfeits of the registered Burberry Trademarks on goods for which Plaintiffs hold federal trademark registrations.

112.    Additionally, without the consent of Burberry, Defendants have applied one or more counterfeit Burberry Trademarks onto sales receipts and price tags in connection with the sale, offering for sale and/or distribution of goods for their own personal financial gain.

113.    Burberry has not authorized Defendants' use of any of the Burberry Trademarks to advertise, offer for sale, sell and/or distribute Defendants' counterfeit products.

114.    Defendants' unauthorized use of the Burberry Trademarks on or in connection with the advertising and sale of goods constitutes Defendants' use of Plaintiffs' registered marks in commerce.

115.    Defendants' unauthorized use of the Burberry Trademarks is likely to cause confusion, mistake or deceive; cause the public to believe that Defendants' products are authorized, sponsored or approved by Burberry when they are not; and result in Defendants unfairly and illegally benefitting from Burberry's goodwill.

116.    Accordingly, Defendants have engaged in trademark counterfeiting in violation of Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), and are liable to Burberry for all damages related thereto, including but not limited to actual damages, infringing profits and/or statutory damages, as well as attorney's fees.

117.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.

118.    Burberry has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

119.    Defendants' egregious conduct in repeatedly selling counterfeit merchandise bearing the unauthorized Burberry Trademarks is willful and intentional, and thus this constitutes an exceptional case.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants)

### Federal Trademark Infringement In Violation of Section 32 of the Lanham Act (15 U.S.C. § 1114)

120.    Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 119 above as if fully set forth herein.

121.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

122.    The Burberry Trademarks are federally registered. These marks are inherently distinctive and are associated in the mind of the public with Burberry.

123.    Additionally, based on Burberry's extensive advertising, sales and the popularity of their respective products, the Burberry Trademarks have acquired secondary meaning so that the public associates these trademarks exclusively with Burberry.

124.    Defendants have used counterfeit reproductions of one or more of the Burberry Trademarks in connection with the advertising, sale, offering for sale and/or distribution of goods for their own financial gain.

125.    Burberry has not authorized Defendants' use of any of the Burberry Trademarks.

126.    Defendants' unauthorized use of the Burberry Trademarks on or in connection with the advertising and sale of goods constitutes Defendants' use of Plaintiffs' registered marks in commerce.

127.    Defendants' unauthorized use of the Burberry Trademarks is likely to cause confusion, mistake or deceive; cause the public to believe that Defendants' products emanate or originate from Burberry when they do not, or that Burberry has authorized, sponsored, approved or otherwise associated itself with Defendants or their counterfeit products bearing the Burberry Trademarks.

128.    Defendants' unauthorized use of the Burberry Trademarks has resulted in Defendants unfairly and illegally benefitting from Burberry's goodwill.  This has caused substantial and irreparable injury to the public, Burberry, the Burberry Trademarks and the substantial goodwill represented thereby.

129.    Accordingly, Defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

130.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.

131.    Burberry has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

132.    Defendants' egregious conduct in repeatedly selling infringing merchandise bearing the unauthorized Burberry Trademarks is willful and intentional, and thus this constitutes an exceptional case.

### THIRD CLAIM FOR RELIEF

### (Against All Defendants)

### False Designation of Origin In Violation of Section 43(a) of the Lanham Act
### (15 U.S.C. § 1125(a))

133.    Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 132 above as·if fully set forth herein.

134.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

135.    By making unauthorized use, in interstate commerce, of the Burberry Trademarks, Defendants have used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with Burberry and as to the origin, sponsorship, association or approval of Defendants' services and goods by Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

136.    Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly

describe and/or represent Defendants' products as those of Burberry in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

137.    Defendants' wrongful acts will continue unless and until enjoined by this Court.

138.    Defendants' acts have caused and will continue to cause irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount yet to be determined.

139.    Defendants' egregious conduct in repeatedly selling infringing merchandise is willful and intentional.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants)

### Federal Trademark Dilution In Violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))

140.    Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 139 above as if fully set forth herein.

141.    Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), provides, in relevant part, that:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

142.    Burberry Limited (UK) is the exclusive owner of the Burberry Trademarks.

143.    The Burberry Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

144.    The Burberry Trademarks are all inherently distinctive marks that have been in use for many years and play a prominent role in Burberry's marketing, advertising and the popularity of its products across many different media.

145.    The Burberry Trademarks were famous long before Defendants began using unauthorized reproductions, counterfeits, copies and colorable imitations of the Burberry Trademarks on counterfeit merchandise.

146.    The Burberry Trademarks have gained widespread publicity and public recognition in New York and elsewhere.

147.    To enhance its rights further, Burberry obtained federal registrations for the Burberry Trademarks.

148.    Defendants' sale of counterfeit goods that use the Burberry Trademarks constitutes use in commerce of the Burberry Trademarks.

149.    Consumers are likely to purchase Defendants' counterfeit products in the erroneous belief that Defendants are associated with, sponsored by or affiliated with Burberry, or that Burberry is the source of those products.

150.    Defendants' use of the Burberry Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods.  Defendants' unlawful use of the Burberry Trademarks in connection with inferior, counterfeit goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and Defendants, thereby lessening the value of the Burberry Trademarks as unique identifiers of Burberry's products.

151.    Defendants' acts have caused and will continue to cause irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## FIFTH CLAIM FOR RELIEF

### (Against All Defendants)

### Cybersquatting Under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1))

152.    Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 151 above as if fully set forth herein.

153.    The domain names that Defendants have registered are identical to, and/or confusingly similar to one or more of the Burberry Trademarks, which were distinctive and/or famous at the time that the Defendants registered each of these domain names.

154.    The Defendants registered and have used their domain names with bad-faith intent to profit from the Burberry Trademarks.

155.    Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. S. 1125(d)(1).

156.    The Defendants had no bona fide noncommercial or fair use of the Burberry Trademarks.

157.    The Defendants intended to divert consumers away from Burberry to a site accessible under infringing domain names that could harm the goodwill represented by the Burberry Trademarks for commercial gain, and with the intend to tarnish and disparage the Burberry Trademarks, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Infringing Websites.

158.     Defendants' acts have caused and will continue to cause irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## SIXTH CLAIM FOR RELIEF

### (Against All Defendants)

### Trademark Dilution In Violation of the New York General Business Law (N.Y. Gen. Bus. Law § 360-l)

159.     Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 158 above as if fully set forth herein.

160.     New York General Business Law, Section 360-l provides that:

Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

161.     Burberry Limited (UK) is the exclusive owner of the Burberry Trademarks.

162.     Through prominent, long and continuous use in commerce, including commerce within New York, the Burberry Trademarks have become and continue to be famous and distinctive.

163.     Long after the Burberry Trademarks became famous, Defendants, without authorization from Burberry, used unauthorized reproductions, counterfeits, copies and colorable imitations of the Burberry Trademarks.

164.     Defendants' unauthorized use of the Burberry Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods.

32

165.     Defendants' unlawful use of the Burberry Trademarks in connection with inferior, counterfeit goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and Defendants, thereby lessening the value of the Burberry Trademarks as unique identifiers of Burberry's products.

166.     By the acts described above, Defendants have diluted the distinctiveness of the Burberry Trademarks and caused a likelihood of harm to Burberry's business reputation in violation of Section 360-l of the New York General Business Law.

167.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SEVENTH CLAIM FOR RELIEF

### (Against All Defendants)

**Deceptive Acts and Practices Unlawful In Violation of the New York General Business Law (N.Y. Gen. Bus. Law §§ 349 and 350)**

168.     Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 167 above as if fully set forth herein.

169.     New York General Business Law, Section 349 states, in relevant part, that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

170.     New York General Business Law, Section 350 states, in relevant part, that: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

171.     Through its importation, advertisement, distribution, offer to sell and sale of counterfeit products bearing the Burberry Trademarks, Defendants have engaged in consumer-

oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

172.    Defendants' deceptive acts or practices, as described herein, are materially misleading.  Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendants have directed their marketing activities, and Burberry has been injured thereby.

173.    By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

174.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## EIGHTH CLAIM FOR RELIEF

### (Against All Defendants)

### Trademark Infringement In Violation of the Common Law

175.    Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 174 above as if fully set forth herein.

176.    Plaintiffs own all right, title and interest in and to the Burberry Trademarks as described above, including all common law rights in the Burberry Trademarks.

177.    The counterfeit products sold by Defendants incorporate imitations of Burberry's common law trademarks. Defendants' use of the Burberry Trademarks is unauthorized, and is likely to cause consumer confusion.

178.    By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

179.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## NINTH CLAIM FOR RELIEF

### (Against All Defendants)

### Unfair Competition In Violation of the New York Common Law

180.    Burberry hereby repeats each and every allegation set forth in paragraphs 1 to 179 above as if fully set forth herein.

181.    Defendants have palmed off their goods as those of the Plaintiffs, improperly trading upon the Plaintiffs' goodwill and valuable rights in and to the Burberry Trademarks.

182.    Defendants committed the above alleged acts willfully, and in conscious disregard of Burberry's rights, and Burberry is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

183.    By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

184.    Defendants' acts have caused and will continue to cause irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Burberry prays:

1.  For a **FINAL JUDGMENT** that:

    a.  Defendants have engaged in trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b.  Defendants have engaged in trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    c.  Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    d.  Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

    e.  Defendants have violated Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

    f.  Defendants have diluted the distinctiveness of the Burberry Trademarks and caused injury to Burberry's business reputation in violation of Section 360-l of the New York General Business Law;

    g.  Defendants have engaged in deceptive acts and practices unlawful in violation of Sections 349 and 350 of the New York General Business Law;

    h.  Defendants have engaged in trademark infringement in violation of the common law of the State of New York;

    i.  Defendants have engaged in unfair competition in violation of the common law of the State of New York; and

    j.  That the above acts were done willfully, and/or intentionally.

2.     For entry of an **ORDER** permanently enjoining and restraining Defendants, and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

> a.  Using any reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks (as defined herein) for and in connection with any goods or their packaging not authorized by Burberry;
>
> b.  Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the Burberry Trademarks;
>
> c.  Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Burberry, or sponsored by or associated with Burberry, and from offering such goods into commerce;
>
> d.  Further infringing the Burberry Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Burberry that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks;
>
> e.  Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to

37

Burberry, or to any goods sold, manufactured, sponsored or approved by, or connected with Burberry;

f.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Burberry, or are sold, manufactured, licensed, sponsored, approved or authorized by Burberry;

g.  Infringing the Burberry Trademarks or Plaintiffs' rights therein, or using or exploiting the Burberry Trademarks, or diluting the Burberry Trademarks;

h.  Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute the Burberry Trademarks; and

i.  Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

j.  Using, linking, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Names, or any other domain name that incorporates, in whole or in part, any of the Burberry Trademarks.

3. For an entry of an **ORDER** directing that Defendants deliver up for destruction to Burberry all unauthorized products, advertisements and packaging in their possession or under their control bearing any of the Burberry Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

4. For entry of a **FURTHER ORDER** requiring that the Defendants' Infringing Websites and corresponding domain names be deleted from the root zone servers operated by the domain name registries.

5. The domain name registries be required to cooperate with a registrar to be appointed by the Plaintiffs to re-register the Defendants' domain names in Plaintiffs' name, and under Plaintiffs' ownership.

6. For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Burberry or related in any way to Burberry's products.

7. For an assessment of the **ACTUAL DAMAGES** suffered by Burberry, trebled, and an award of all profits that Defendants have derived from using the Burberry Trademarks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

8. Alternatively, that Burberry be awarded **STATUTORY DAMAGES** pursuant to 15 U.S.C. § 1117 of no less than **sixty million dollars ($60,000,000.00),** based on, *inter alia,* the maximum amount available of two million dollars ($2,000,000) per trademark and service mark counterfeited and infringed, per type of good and service offered, as well as attorneys' fees and

costs; and awarding profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

9.    For **COSTS OF SUIT**, and for such other and further relief as the Court shall deem appropriate.

**A TRIAL BY JURY IS DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on all triable issues raised by this Complaint.

December 9, 2010                    Respectfully Submitted,

Joseph C. Gioconda (JG4716)
Jonathan A. Malki (JM4410)
THE GIOCONDA LAW GROUP PLLC
One Penn Plaza, 36th Floor
New York, New York 10119-0002
Telephone:  (212) 786-7549
Facsimile:  (888) 697-9665
Joseph.Gioconda@GiocondaLaw.com

Attorneys for Plaintiffs

BURBERRY LIMITED (UK) and
BURBERRY LIMITED (US)